UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AL-HUTHAIFI MOHAMMED AHMED ABDUJABBAR, A# 216 115 000, | § § § § § § § § § § § § § § § | |
| Petitioner, | | |
| v. | | SA-20-CV-01348-XR |
| WILLIAM BARR, Attorney General; CHAD WOLF, Acting Secretary of DHS; DEBORAH ACHIM, ICE Field Office Director for Detention and Removal; REYNALDO CASTRO, Warden, South Texas ICE Processing Center, | | |
| Respondents. | | |

**ORDER OF DISMISSAL**

Before the Court are Petitioner Al–Huthaifi Mohammed Ahmed Abdujabbar's ("Abdujabbar") *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 and Respondents' "Advisory Regarding Petitioner's Release." (ECF Nos. 1, 10). Upon review, the Court orders Abdujabbar's section 2241 Petition **DISMISSED WITHOUT PREJUDICE**.

When Abdujabbar filed his Petition on November 18, 2020, he was confined in the South Texas ICE Processing Center. (ECF No. 1). After Abdujabbar filed his Petition, the Court sent a letter notifying him the Petition had been filed and providing him with a case number. (ECF Nos. 1, 2). The Court advised in that same letter that Abdujabbar was required to "keep the court informed of [his] current address throughout the pendency of [his] case" and that "[f]ailure to do so may result in dismissal … for want of prosecution." (ECF No. 2); *see* FED. R. CIV. P. 41(b).

On December 23, 2020, Respondents filed an Advisory stating Abdujabbar was released from ICE custody pursuant to an Order of Supervision. (ECF No. 10, Exh. 1). The Court confirmed through the ICE Online Detainee Locator System that Abdujabbar is no longer in the South Texas ICE Processing Center. https://locator.ice.gov/odls/#/results (last visited Dec. 28, 2020). Despite his release, Abdujabbar has failed to notify the Court of his change of address.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may *sua sponte* dismiss an action for failure to prosecute or for failure to comply with any Court order. *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see* FED. R. CIV. P. 41(b). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). The orderly and expeditious disposition of cases requires that if a litigant's address changes, he or she has a duty to inform the Court of the change. *Salazar v. Wallace*, No. 1:13CV447, 2019 WL 1065142, at *1 (E.D. Tex. Feb. 14, 2019), *report and recommendation adopted*, No. 1:13-CV-447, 2019 WL 1062567 (E.D. Tex. Mar. 6, 2019). It is neither feasible nor required that a clerk of court take it upon himself or herself to maintain current address on the parties to a pending action. *Id.* Rather, it is the responsibility of the parties—*pro se* or otherwise—to inform the Court of changes of address given that communications between a Court and litigants is principally conducted by mail. *Id.* Moreover, parties to an action are obligated to make timely status inquiries and in so doing, would *per force* provide address changes as those would be reflected in any written inquiry. *Id.*

By failing to provide this Court with his current address, Abdujabbar has prevented this Court from communicating with him and moving this case towards resolution. He has, therefore,

2

failed to diligently prosecute this case as required and as mandated in this Court's opening letter. Accordingly, this case should be dismissed for want of prosecution pursuant to Rule 41(b). *See* FED. R. CIV. P. 41(b).

Moreover, in his Petition, the only relief requested by Abdujabbar is that he be released on his own recognizance, pursuant to a low bond, or pursuant to reasonable conditions of supervision. (ECF No. 1). As set out above, in their December 23, 2020 Advisory, Respondents notified the Court that on December 18, 2020, Abdujabbar was released from ICE custody pursuant to an Order of Supervision. (ECF No. 10). Also as set out above, the Court confirmed Abdujabbar's release through the ICE Online Detainee Locator System. *See* https://locator.ice.gov/odls/#/results. The locator system returned "zero (0) matching records" in response to a search using both Abdujabbar's "A-Number" and country of origin and his name and country of origin. *Id.*

A petition is moot if it no longer presents a case or controversy under Article III, § 2 of the Constitution. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). If a case is moot, the Court is divested of subject matter jurisdiction. *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998). A case becomes moot when "it is impossible for a court to grant effectual relief whatsoever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Because Abdujabbar has been released, the relief he sought in his Petition is no longer available. Accordingly, his claim for relief is moot. *See Bacilio–Sabastian v. Barr*, 908 F.3d 480, 483–84 (5th Cir. 2020); *Virani v. Huron*, No. SA-19-CV-00499-ESC, 2020 WL 7405655, at *3 (W.D. Tex. Dec. 17, 2020).

**IT IS THEREFORE ORDERED** that Petitioner Al–Huthaifi Mohammed Ahmed Abdujabbar's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and because him sole request for relief is moot.

It is so **ORDERED**.

**SIGNED** this 28th day of December, 2020.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE